BOARD OF PHARMACY — RETAIL DRUGSTORE LICENSE FEES The Board of Pharmacy of the State of Oklahoma is not required to issue a regular retail drugstore license to federal, state, county and city welfare departments; to federal, state, county and city clinics; to federal, state, county and city hospitals; to veteran's hospitals and other such institutions without charge, but on the contrary are obligated to receive the fee payment prior to issuing a regular retail drugstore license. Attorney General has your request for an opinion wherein you outline in part the following set of facts: "We are receiving requests, and in some instances demands, that the State Board of Pharmacy license free of charge, various governmental institutions, such as federal, state, county and city." Based on those and other similar facts related to the circumstance under which you requested this opinion, you ask the following question: "Whether the Oklahoma State Board of Pharmacy is required, under the Pharmacy Law, to issue a regular retail drugstore license to federal, state, county and city welfare departments; to federal, state, county and city clinics; to federal, state, county and city hospitals; to veteran's hospitals and other such institutions without charge." Title 59 O.S. 353.18 [59-353.18] (1961), provides in relevant part: "Regulation of the sale of drugs and chemicals — penalty. — On and after the first effective date of this act, it shall be unlawful: For any person, firm or corporation to engage in filling at retail, or offering for sale, drugs, medicines, chemicals or poisons for the treatment of disease, excluding agricultural chemicals and drugs, or to accept prescriptions for same, without first procuring a license from the State Board of Pharmacy. On evidence satisfactory to the Board: "(a) that the said place for which the license is sought will be conducted in full compliance with the law and the rules and regulations of the Board; "(b) that the location, appointments and physical characteristics of said place are reasonably consistent with the maintenance of professional surroundings and constitute no known danger to the public health and safety; "(c) that said place will be under the management and control of the registered pharmacist; and "(d) that a registered pharmacist or assistant pharmacist will be present and on duty at all hours the pharmacy is open for business, "a license shall be issued to such persons as the Board shall deem qualified. Application for such license shall be in writing, shall contain the name or names of persons who shall own the pharmacy and shall be accompanied by a payment to the Board of the sum of Thirty-Five Dollars ($35.00) as a license fee. . . ." (Emphasis added) The statutes governing the pharmaceutical profession contain no exception to the prerequisites outlined above. Since specific statutes are present, the Board must comply with those specific statutes governing the profession. It therefore follows that the Board of Pharmacy is unable to grant a license to dispense drugs without compliance with the provisions of Section 353.18. A complete examination of this statutory language reveals that the word "shall" precedes each of the requirements outlined in this section. The Supreme Court of the State of Oklahoma has said that the word "shall" usually means "must". State ex rel Ogden v. Hunt, Okl., 286 P.2d 1088. In this case the Court stated: "In common, or ordinary parlance, and in its ordinary signification, the term `shall' is a word of command, and one which has always, or which must be given a compulsory meaning; as denoting obligation. It has a peremptory meaning, and it is generally imperative or mandatory. It has the invariable significance of excluding the idea of discretion, and has the significance of operating to impose a duty which may be enforced. . .but the context ought to be very strongly persuasive before it is softened into a mere permission, . . ." There is no language suggesting a contrary legislative intent or granting exceptions. The word "shall" directs the Board of Pharmacy to consider the payment of a Thirty-Five Dollar ($35.00) license fee as a mandatory prerequisite to the issuance of a license. The Board of Pharmacy of the State of Oklahoma therefore is without authority to issue a regular retail drugstore license under any circumstances, including governmental institutions, without charge. (Robert H. Mitchell)